UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-21507

NORMA LAZO,

    Plaintiff,

v.

CREDIT CONTROL, LLC and
DEPARTMENT STORES NATIONAL BANK,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"),

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3.    Plaintiff, NORMA LAZO ("LAZO"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, CREDIT CONTROL, LLC ("CREDIT"), is a corporation organized under the laws of the State of Missouri. Its principal place of business is at 5757 Phantom Dr., Suite 330, Hazelwood, MO 63042.

5. Defendant, Credit, is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is CT Corporation Ssytem, 1200 S. Pine Island Rd., Plantation, FL 33324.

6. Defendant, Credit, is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant, Credit, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, Credit, is a "debt collector" as defined in the FDCPA.

9. Defendant, DEPARTMENT STORES NATIONAL BANK ("DSNB"), is a limited purpose national bank that operates as a subsidiary of Citibank, N.A. and is jointly owned by Citibank and Macy's. It is headquartered in South Dakota.

10. At all material times, the communications alleged herein were "communications" as defined under the FDCPA and FCCPA.

11. Defendant, DSNB, extended credit to the Plaintiff and is a "creditor" as defined in the FCCPA.

**FACTUAL ALLEGATIONS**

12. Defendants sought to collect from Plaintiff an alleged debt for a consumer loan.

13. The debt ("debt") was for a personal, household, or family purpose.

14. On or about October 25, 2019, Joel D. Lucoff sent a letter of representation to Credit. The letter specifically requested that Defendant cease and desist all communications with Plaintiff. Attorney Lucoff continues to represent Plaintiff. A copy of the letter and proof of delivery is attached as Exhibit "A."

15. Credit was retained by DSNB to collect the debt. DSNB is liable for the actions of Credit.

16. On March 30, 2020, Credit sent a letter addressed to Lazo referencing the same debt. A copy of the letter is attached as Exhibit "B."

17. The letter states it is from a debt collector and it is an attempt to collect a debt.

18. Plaintiff's attorney had not consented to Defendants' direct communication with Plaintiff.

19. Plaintiff's attorney had not failed to respond to any communication of Defendants within a reasonable amount of time.

20. No court had authorized Defendants' direct communication with Plaintiff.

21. At the time Defendants caused the letter to be sent to Plaintiff, Defendants knew the FDCPA and the FCCPA prohibited them from communicating directly with Plaintiff.

22. If Defendants continue to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself of the representation of his counsel.

23. Defendants' actions caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

### COUNT I AS TO CREDIT CONTROL, LLC
### COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

24. Plaintiff incorporates Paragraphs 1 through 23.

25. Defendant, Credit, communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(18)

26.    Plaintiff incorporates Paragraphs 1 through 23.

27.    Defendant, Credit Control, communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

28.    DSNB is liable for the actions of its agent, Credit Control.

29.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d.    permanently enjoining Defendant from direct communication with Plaintiff; and

    e.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Debt Shield Law
Attorney for Plaintiff
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:   754-800-5299
Fax:   305-503-9457
legal@debtshieldlawyer.com
joel@debtshieldlawyer.com

  */s/ Joel D. Lucoff*
Joel D. Lucoff
Fla. Bar No. 192163

5